IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DERRICK MITCHELL JR., #2036740 | § § | |
| VS. | § | CIVIL ACTION NO.  4:18cv69 |
| DIRECTOR, TDCJ-CID | § § § | |

### MEMORANDUM OPINION AND ORDER

In a "Motion to Vacate a Void Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure" (Dkt. # 48), *pro se* Petitioner Derrick Mitchell Jr. asks the Court to reconsider its Final Judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

### I.  MOTION FOR RECONSIDERATION

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc*., 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party

1

to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## II. DISCUSSION

The record shows that the United States Magistrate Judge issued a Report and Recommendation (Dkt. # 35) in which she recommended that Petitioner's § 2254 habeas petition be denied and dismissed with prejudice. Petitioner filed objections. (Dkt. # 44). Having made a *de novo* review of the objections raised by Petitioner to the Report, the undersigned United States District Judge concluded that the findings and conclusions of the Magistrate Judge were correct, adopted the Report, denied Petitioner's habeas petition, and dismissed the case. (Dkts. ## 46, 47). In the instant post-judgment motion (Dkt. # 48), Petitioner merely reasserts the same issues brought forth in his petition and objections to the Report.

A review of the case shows that, in his § 2254 petition, Petitioner claimed that the indictment alleged multiple offenses, which violated his right to due process and would not allow Petitioner to plead the indictment to bar future prosecution. In considering Petitioner's § 2254 petition, the Magistrate Judge found that these claims were waived by Petitioner's guilty plea, were procedurally defaulted, and did not present a substantive issue for federal habeas review. The Magistrate Judge also concluded that Petitioner was not entitled to relief because he did not show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts considering

the evidence presented in the State court proceeding. In the instant motion, Petitioner simply reasserts his prior arguments. He fails to show the decision denying his § 2254 petition was in error or that his constitutional rights were violated.

In sum, in the instant motion (Dkt. # 48), Petitioner is simply attempting to re-litigate old issues that have been properly considered and denied. *See Sequa Corp.*, 156 F.3d at 144. Petitioner fails to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case. *See Schiller*, 342 F.3d at 567. Accordingly, he fails to show he is entitled to relief.

### III.  CONCLUSION

It is therefore **ORDERED** that Petitioner's "Motion to Vacate a Void Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure" (Dkt. # 48) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this 16th day of November, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE